1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN HUBACHER,

        Plaintiff,

    v.

LUCENT TECHNOLOGIES, INC. and DOES
1-10,

        Defendant.

Case No.  05-5222RJB

ORDER GRANTING
DEFENDANT'S MOTION TO
DEEM MATTERS ADMITTED,
GRANTING DEFENDANT'S
MOTION TO COMPEL, AND RE-
NOTING MOTION FOR
SANCTIONS

16

17

18

19

    This matter comes before the court on the Defendant's Motion to Deem the Matters in

Defendant's Requests for Admission as Admitted and to Compel Production of Initial Disclosures

and Outstanding Discovery Responses and for Sanctions (Dkt. 10). The court has reviewed the

motion, the response, and the file herein.

20

### I. BACKGROUND

21

22

23

24

    On September 24, 2004, the plaintiff filed suit in state court. Dkt. 1. His complaint brings

claims for breach of contract, intentional interference with a business expectancy, defamation, and

discrimination. *Id.* Lucent Technologies Inc. ("Lucent") filed a notice of removal, asserting that

this court has diversity jurisdiction over the case. *Id.*

25

### A. PLAINTIFF'S INITIAL DISCLOSURES

26

27

28

    The deadline for initial disclosures was set for June 22, 2005. Dkt. 3. Lucent served

plaintiff's counsel, Mary A. Betker, with its initial disclosures on that date. Dkt. 11 at 2. On the

same day, Ms. Betker telephoned Lucent to request a continuance on the grounds that she had a

ORDER - 1

1   family emergency. *Id.*  Upon the request of counsel, the court reset the deadline for initial

2   disclosures for August 8, 2005.

3       On September 7, 2005, Jennifer M. Ilenstine, counsel for Lucent, sent a letter to Ms.

4   Betker asking that she provide the plaintiff's initial disclosures by September 27, 2005, and

5   expressing a desire to avoid having to file a motion. Dkt. 12, Exh. 1. Ms. Betker did not respond

6   to this letter. Dkt. 12 at 2.

7       On September 12, 2005, Ms. Ilenstine emailed Ms. Betker to determine that Ms. Betker

8   had received the letter and to inquire when Ms. Ilenstine might expect a response. Dkt. 12, Exh.

9   2. Ms. Betker did not respond to this email. Dkt. 12 at 2.

10      On September 26, 2005, Ms. Ilenstine sent another letter requesting that Ms. Betker

11  provide the plaintiff's initial disclosures and reiterating the defendant's desire to avoid incurring

12  the expense of filing a motion to compel. Dkt. 12, Exh. 3.

13      On October 2, 2005, Ms. Betker emailed Ms. Ilenstine, acknowledging receipt of a letter

14  from Ms. Ilenstine and requesting to speak with Ms. Ilenstine on October 5. Dkt. 12, Exh. 4.

15      On October 5, 2005, Lucent's counsel, Leslie J. Mann, met with Ms. Betker to discuss the

16  fact that Lucent had not received the plaintiff's initial disclosures. Dkt. 11 at 2. Ms. Betker

17  assured Ms. Mann that she would send the initial disclosures no later than October 7, 2005. *Id.* at

18  3. As of the filing of the defendant's motion on January 5, 2006, the defendant had not received

19  the plaintiff's initial disclosures. *Id.* Lucent moves for an order compelling production of the

20  plaintiff's initial disclosures. Dkt. 10-1.

21      **B. DEFENDANT'S DISCOVERY REQUESTS**

22      On November 11, 2005, defendant served interrogatories and requests for production on

23  Ms. Betker. Dkt. 11 at 3. On January 5, 2006, Ms. Betker left Ms. Ilenstine a voice message

24  stating that she would send responses to Lucent's interrogatories on January 9, 2006. Dkt. 12 at

25  3. Lucent moves for an order compelling the plaintiff to respond to these requests. Dkt. 10.

26      Lucent also served  requests for admissions on November 11. Dkt. 11 at 4. The plaintiff

27  responded by denying all requests. *Id.* The response was dated December 15, 2005, and was

28  mailed in an envelope postmarked December 22, 2005. Dkt. 11 at 4. The certificate of service is

ORDER - 2

1  dated December 14, 2005, and Lucent received the response on December 27, 2006. *Id.* Lucent

2  moves the court to deem the requested admissions as admitted on the ground that the plaintiff

3  failed to timely deny the request. Dkt. 10.

4  **II. DISCUSSION**

5  **A. MOTION TO DEEM MATTERS ADMITTED**

6  Federal Rule 36 governs requests for admissions and provides as follows:

7  The matter is admitted unless, within 30 days after service of the request, or within such
shorter or longer time as the court may allow or as the parties may agree to in writing,
8  subject to Rule 29, the party to whom the request is directed serves upon the party
requesting the admission a written answer or objection addressed to the matter, signed by
9  the party or by the party's attorney.

10  Fed. R. Civ. P. 36(a). The 30 day time limit set forth in the rule is enlarged by three days, meaning

11  that Ms. Betker's answers and objections were due on December 14, 2005. *See* Fed. R. Civ. P.

12  6(a) (computation of time), 6(e) (adding three days to any prescribed time period that commences

13  with service by mail). The certificate of service states that Ms. Betker mailed the document on

14  December 14, 2005. *Id.* at 46. The date written on the document was December 15, and the

15  envelope was postmarked December 22, both of which suggest that the date written on the

16  certificate of service is unreliable. Pursuant to the Local Rules, Ms. Betker's failure to respond to

17  the motion is considered an admission that the motion has merit. *See* Local Rule CR 7(b)(2). The

18  court should therefore grant the motion in this respect.

19  **B. MOTION TO COMPEL**

20  Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding

21  any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26

22  (b)(1). The party's answers to such discovery requests are due within 30 days of service of the

23  requests. Fed. R. Civ. P. 33(b)(3), 34(b). If a party fails to answer an interrogatory, the requesting

24  party may move to compel disclosure pursuant to Rule 37. Fed. R. Civ. P. 37(a)(2)(B). The

25  motion must certify that the parties have made a good faith effort to confer and resolve the

26  dispute themselves. Local Rule 37 (a)(2). Counsel for both parties have met in person to discuss

27  discovery matters in this case but have been unable to reach a resolution. *See* Dkt. 11 at 2.

28  It appears that Ms. Betker has made no effort to comply with Lucent's discovery requests,

ORDER - 3

1  despite her promise to provide answers to interrogatories on January 9. Dkt. 12 at 13. The court

2  also notes that Ms. Betker has failed to respond to this motion, which the court may properly

3  deem an admission that the motion has merit. Local Rule CR 7(b)(2). The court should therefore

4  grant the motion to compel.

5  **C. DISMISSAL AND SANCTIONS**

6  Citing Local Rule GR 3, Lucent moves the court to dismiss the plaintiff's case for failure

7  to prosecute and for failure to comply with the court's order extending the initial disclosure

8  deadline to August 8, 2005. Dkt. 10. Local Rule GR 3 provides that judgment may be entered

9  against a defaulting party who fails to meet and confer as provided by the Local Rules. GR 3(c).

10  While it appears that Ms. Betker has been rather unresponsive to the defendant's attempts to

11  procure the plaintiff's initial disclosures and answers to its discovery requests, there is no evidence

12  that Ms. Betker has failed to confer as provided by the Local Rules. The court should therefore

13  decline to dismiss the case on this ground.

14  Alternatively, the court may involuntarily dismiss a case if the plaintiff fails to prosecute

15  the case or to comply with rules and court orders. Fed. R. Civ. P. 41(b). Plaintiff's counsel has

16  failed to comply with the deadline for filing initial disclosures and has failed to respond to the

17  defendant's interrogatories. Dkt. 11 at 3. Ms. Betker did respond to the defendant's request for

18  admissions in December, however. Dkt. 11 at 4. While Ms. Betker's non-responsiveness borders

19  on constituting lack of prosecution, dismissing the case on its merits at this juncture would be an

20  inappropriately harsh penalty to Ms. Betker's client.

21  Lucent also moves for sanctions. Federal Rule 37 governs sanctions and provides as

22  follows:

23
24
25
26
27
> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

28  Fed. R. Civ. P. 37(a)(4)(A). Plaintiff's counsel has provided no justification for the failure to

ORDER - 4

1  provide initial disclosures and to comply with discovery requests. Pursuant to Federal Rule 37, the

2  court will grant plaintiff's counsel an opportunity to be heard as to why the court should not grant

3  the motion for sanctions and award the defendant $2,750.00 as reasonable costs expended in filing

4  the motion to compel.

### III. ORDER

6  Therefore, it is now

7  **ORDERED** that the Defendant's Motion to Deem the Matters in Defendant's Requests

8  for Admission as Admitted and to Compel Production of Initial Disclosures and Outstanding

9  Discovery Responses and for Sanctions is **GRANTED** as follows:  The Motion to Deem the

10  Matters in Defendant's Requests for Admission as Admitted is **GRANTED**. The Motion to

11  Compel Production of Initial Disclosures and Outstanding Discovery Responses is **GRANTED**.

12  The plaintiff is directed to provide initial disclosures and complete answers and responses to the

13  Defendant Lucent Technologies, Inc.'s Special Interrogatories and Request for Production of

14  Documents forthwith and not later than February 24, 2006. Failure to comply with this court

15  order may result in additional sanctions. The motion for sanctions is **RE-NOTED** for February

16  24, 2006, and plaintiff's counsel may show cause in writing, if any she has, why the defendant

17  should not be awarded $2,750.00 as reasonable expenses incurred in filing the motion to compel.

18  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

19  of record and to any party appearing *pro se* at said party's last known address.

20  DATED this 13th day of February, 2006.

Robert J. Bryan
United States District Judge

ORDER - 5